# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 10-28972 |
| SINGLES ROOFING CO., INC., | ) | |
| | ) | Hon. Susan Pierson Sonderby |
| Debtor. | ) | |
| | ) | **Hearing Date: January 25, 2012** |
| | ) | **Hearing Time: 10:00 AM** |

## NOTICE OF TRUSTEE'S MOTION TO COMPEL ROBERT ALLEN DURCHSLAG TO ATTEND FINAL § 341 MEETING OF CREDITORS

PLEASE TAKE NOTICE that on Wednesday, January 25, 2012, at 10:00 AM, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Susan Pierson Sonderby, or any judge sitting in her stead, in Courtroom 642, in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and present the **Trustee's Motion to Compel Robert Allen Durchslag to Attend Final § 341 Meeting of Creditors**, at which time and place you may appear as you see fit.

Dated: January 20, 2012

**N. NEVILLE REID, not individually, but solely in his capacity as chapter 7 trustee for the bankruptcy estate of Singles Roofing Co., Inc.**

By:  */s/ Elizabeth Peterson*
Fox, Hefter, Swibel, Levin & Carroll, LLP,
General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Elizabeth Peterson (ARDC #6294546)
**FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201

# **CERTIFICATE OF SERVICE**

I, Elizabeth Peterson, certify that on January 20, 2012, I caused a copy of the foregoing **Trustee's Motion to Compel Robert Allen Durchslag to Attend Final § 341 Meeting of Creditors** to be filed electronically, with a copy of same being served upon the parties listed on the attached Service List by the Court's ECF filing system or by postage prepaid first-class U.S. Mail, as indicated.

*/s/ Elizabeth Peterson*
Elizabeth Peterson

## SERVICE LIST

**Parties to receive notice by postage prepaid first-class U.S. Mail:**

Singles Roofing Co.Inc, a Corporation
936-940 East Chicago Street
Elgin, IL 60120

Robert Durchslag
1460 Sedona Ave.
Aurora, IL 60504-3701

Ascension Capital Group, Inc.
Attn: BMW Bank of North America, Inc Department
Account: XXXXXXXXXXXX0726
P.O. Box 201347
Arlington, TX 76006

**Parties to receive notice electronically via CM/ECF:**

Amy A Aronson on behalf of Creditor Gall Construction of America, LTD
amyaronson@comcast.net, amyaronson@comcast.net

Ross W Bartolotta on behalf of Creditor Nissan Motor Acceptance Corporation c/o Swanson, Martin & Bell, LLP
rbartolo@smbtrials.com

Jeffrey S. Burns on behalf of Plaintiff Elgin State Bank
jburns@cbklaw.com

Bryan K Clark on behalf of Creditor Hitachi Capital America Corporation
bclark@lathropgage.com

William J Connelly on behalf of Creditor The Hanover Insurance Group
wconnelly@hinshawlaw.com

Michael L Cummings on behalf of Creditor Evergreen Slate Company, Inc.
michael@esb-law.com

Blaine C Kimrey on behalf of Creditor Hitachi Capital America Corporation
bkimrey@lathropgage.com, jstein@lathropgage.com

Joseph P Kincaid on behalf of Creditor DCFS USA, LLC
jkincaid@smbtrials.com

Amy Knapp on behalf of Creditor DCFS USA, LLC
aknapp@smbtrials.com

Stuart P Krauskopf on behalf of Creditor Meyer Material Company
stu@stuklaw.com,
dcooper@stuklaw.com,mschnitzer@stuklaw.com,jmiranda@stuklaw.com,jamie@stuklaw.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Mark J McClenathan on behalf of Creditor Insulation Plus
mmcclenathan@heylroyster.com

Robert A McKenzie on behalf of Creditor Arnstein & Lehr LLP
ramckenzie@arnstein.com

Consuelo Miller on behalf of Creditor Union Lightning Protection Installers
connilaw@sbcglobal.net

Elizabeth Gayle Peterson on behalf of Trustee N. Reid
epeterson@fhslc.com, docket@fhslc.com;clukey@fhslc.com;acotter@fhslc.com

James M Philbrick on behalf of Creditor Ally Financial f/k/a GMAC
jmphilbrick@att.net

Amy Rapoport on behalf of Creditor First Midwest Bank
arapoport@agdglaw.com, wserritella@agdglaw.com;jcole@agdglaw.com

N. Neville Reid
nreid@fhslc.com, nreid@ecf.epiqsystems.com

Joseph P Rejano on behalf of Creditor General Electric Capital Corporation
jrejano@foleymansfield.com

Jennifer M Rinn on behalf of Creditor BMW BANK OF NORTH AMERICA, INC.
JenniferR@kropik.net

Cornelius F Riordan on behalf of Creditor Complete Mechanical Services, Inc.
criordan@rmp-llc.com

Michael G Schultz on behalf of Creditor Ruiz Construction Systems, Inc.
mgs@renozahm.com

John E. Sebastian on behalf of Creditor The Hanover Insurance Group
jsebastian@hinshawlaw.com, kbailey@hinshawlaw.com

John F. Torres on behalf of Creditor Toyota Motor Credit Corporation
jftlaw@earthlink.net

Mark Van Donselaar on behalf of Creditor Stock Building Supply Midwest, LLC
mvandonselaar@grayslakelaw.com

Daniel A Zazove on behalf of Creditor GAF Materials Corporation
docketchi@perkinscoie.com

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 10-28972 |
| SINGLES ROOFING CO., INC., | ) | |
| | ) | Hon. Susan Pierson Sonderby |
| Debtor. | ) | |
| | ) | **Hearing Date: January 25, 2012** |
| | ) | **Hearing Time: 10:00 AM** |

**TRUSTEE'S MOTION TO COMPEL ROBERT ALLEN DURCHSLAG TO
ATTEND FINAL § 341 MEETING OF CREDITORS**

N. Neville Reid, not individually, but solely in his capacity as chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Singles Roofing Co., Inc. (the "Debtor"), by and through his undersigned counsel, hereby moves this Court (the "Motion") for entry of an order pursuant to Rules 2003 and 4002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Sections 105(a), 341, and 704(a) of Title 11 of the United States Code (the "Bankruptcy Code"), compelling Robert Allen Durchslag ("Durchslag") to attend the final § 341 meeting of creditors. In support of this Motion, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for relief requested herein are Sections 105(a), 341, and 704(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2003 and 4002.

**BACKGROUND**

3. On June 29, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the

Northern District of Illinois (the "Court"). Shortly thereafter, the United States Trustee for the Northern District of Illinois appointed N. Neville Reid as chapter 7 trustee.

4. According to the Debtor's Petition, Durchslag is the president of the Debtor.

5. On June 30, 2010, a meeting of creditors under Section 341(a) of the Bankruptcy Code (the "§ 341 Meeting") was set for August 30, 2010 at the Office of the United States Trustee in Chicago, Illinois. [Dkt. 3.] At the request of Durchslag, this meeting was rescheduled several times, and a meeting was held in the Fall of 2010 at the offices of Fox, Hefter, Swibel, Levin & Carroll, LLP ("FHSLC"). The Trustee did not conclude the initial meeting of creditors and sought several times to reschedule another meeting. However, the Trustee was unable to hold another meeting due to medical issues of Durchslag, and Durchslag most recently could not commit to a definitive date to attend another meeting.

6. The Trustee seeks to gather and liquidate any potential assets for the benefit of creditors. The Trustee seeks to examine the Durchslag about Estate assets generally.

**RELIEF REQUESTED**

7. By this Motion, the Trustee requests that this Court enter an order compelling the Durchslag to attend the final § 341 Meeting on or before February 10, 2012, pursuant to Bankruptcy Rules 2003 and 4002, in furtherance of the Trustee's duties under Sections 341 and 704(a) of the Bankruptcy Code.

**BASIS FOR RELIEF**

8. Bankruptcy Rule 4002(a) specifically requires the Debtor to "attend and submit to an examination at the times ordered by the court" and to "cooperate with the trustee in the . . . administration of the estate." Bankr. R. 4002(a)(1), (4).

2

9. Section 105(a) of the Bankruptcy Code empowers the Court with the authority to assist the Trustee in carrying out his duties by providing that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

10. While the Trustee respects Durchslag's privacy, the Trustee is concerned that without a court order requiring attendance at a final meeting by a date certain Durchslag may not treat the final meeting with appropriate urgency. The Trustee therefore requests that Durchslag be compelled to attend such a meeting on or before February 10, 2012, unless the Trustee receives by February 1, 2012 a note from a physician of Durchslag indicating he cannot attend, in which case (i) such note shall indicate the earliest date Durchslag can attend the meeting (the "Available Date") and (ii) the continued meeting shall be held within 5 days after such Available Date.

### NOTICE

11. Notice of this Motion has been given to: (a) counsel for the Debtor; (b) the United States Trustee for the Northern District of Illinois; (c) Durchslag; (d) all parties who have requested notice pursuant to Bankruptcy Rule 2002; and (e) all parties set up to receive notice through the Court's ECF filing system. The Trustee also requests that the court waive any further notice of this Motion in light of the fact that the parties in interest represented herein will have received electronic notice hereof.

WHEREFORE, the Trustee respectfully requests that this Court enter an order substantially in the form of the attached hereto, compelling Durchslag to attend the final § 341 Meeting at FHSLC on or before February 10, 2012, unless Durchslag's physician submits a statement to the Trustee indicating that Durchslag cannot appear at the final § 341 Meeting for

3

medical reasons (in which case Durchslag shall appear within 5 days after the earliest date such physician indicates Durchslag is available) and grant such other and further relief as this Court deems just.

Dated: January 20, 2012

Respectfully submitted,

**N. NEVILLE REID, not individually, but solely in his capacity as chapter 7 trustee for the bankruptcy estate of Singles Roofing Co., Inc.**

By: */s/ Elizabeth Peterson*
Fox, Hefter, Swibel, Levin & Carroll, LLP,
General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Elizabeth Peterson (ARDC #6294546)
**FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL 60606
Ph: 312.224.1200
Fx: 312.224.1201